## JOHN MERRILL *versus* BAILEY BARTLETT.

Where two persons build a ship together, to be owned by them in certain proportions, and one advances more than his proportion of the expenses, he has no lien on the ship for the balance due to him, but the interest of the other in the ship, at east to the extent of his advances, is liable to attachment at the suit of other creditors.

THIS was an action on the case against the sheriff of Essex, for the default of one of his deputies in not applying to an execution in favor of the plaintiff against Joseph Edwards, property which had been attached by the deputy on the original writ against Edwards.

Upon the report of an auditor it appeared, that on the 8th of October, 1823, an agreement in writing was made by W. Merrill, J. Edwards and W. Sargent, according to which W. Merrill was to build a vessel for Edwards and Sargent, who were to furnish the materials, Edwards one fourth, and Sargent three fourths. At the time of making this agreement, it was also agreed by Edwards and Sargent, by parol, that the vessel should be built for and be owned by them in the same proportions. Edwards was the general agent to make contracts for materials, and between the date of the written agreement and the 20th of April, 1824, he made divers contracts of that kind, one fourth part of which were on his own account. On the 20th of April he became insolvent, being largely indebted to Sargent for sums of money advanced by Sargent beyond his proportion, for the materials and building of the vessel. On that day the plaintiff attached the vessel, while unfinished, n a suit upon a demand against Edwards alone, and Sargent made a subsequent attachment upon the same property, in a suit brought to recover the debt due to him from Edwards, as before mentioned. The plaintiff and Sargent recovered judgment respectively against Edwards, and the officer, at the request of Sargent, sold the right and interest of Edwards in the vessel, and applied the proceeds toward the satisfaction of Sargent's execution, instead of the plaintiff's.

Nov. 7th.

The cause was argued by *Marston*, for the plaintiff, and *Saltonstall* and *Shillaber*, for the defendant.

The opinion of the Court was drawn up by

Parker C. J. The question arising on this report seems to be, whether Sargent, to whom the sheriff paid the proceeds of the sale of the ship, so far as the same were supposed to belong to Edwards, is entitled to hold the same in preference to the plaintiff, who had attached Edwards's interest in the vessel for a debt due to him. We cannot perceive how a lien has been acquired by Sargent. He and Edwards were not copartners, and the vessel was not joint stock. According to the original agreement, they were to be tenants in common of the ship, in the proportion of three fourths to Sargent, and one fourth to Edwards. For all which Sargent advanced towards the share of Edwards, he was his creditor, and he had only the same right as other creditors to attach his interest in the ship and other property belonging to him; and this was his course in the first instance, founded upon a true construction of their relation. One tenant in common of a chattel cannot acquire title to the whole chattel, merely by becoming creditor of his fellow. He may attach like other creditors. That Sargent voluntarily became joint debtor with Edwards for some of the materials used in the ship, does not give him a lien, any more than if each had paid his proportion in the first instance, Edwards having borrowed of Sargent the amount wanted for his share.

In the cases of *Young*, *ex parte*, 2 Ves. & Beames, 242, and *Daniel* v. *Russell*, 14 Ves. 393, it was decided, that owners of a ship have no lien upon the part belonging to one of the owners who has become bankrupt, for his share of the outfits advanced by them. In earlier times Lord *Hardwicke* entertained a different opinion, as in *Doddington* v. *Hallett*, 1 Ves. Sen. 497. But the late Lord Chancellor *Eldon* expressly overruled that doctrine, which had indeed been questioned before; and in Abbott on Shipping [1] the latter doctrine is adopted as law. Indeed no authority has been

[1] 4th Am. ed. *p.* 78 to 81; *Ex parte Harrison,* 2 Rose, 76; Collyer on Partn. 666 *et seq.*; 3 Kent's Comm. (3d ed.) 39, 40; 2 Story's Comm. Eq. 489, 490; *Nichol* v. *Mumford,* 4 Johns. Ch. R. 522. But see *S. C.* 20 Johns. R. 611.

shown for the right claimed by Sargent. He and Edwards originally became, by their contract with the ship-builder, tenants in common in the proportions before stated. They originally intended to supply materials, and pay the ship-builder, in the same proportions. Edwards actually advanced from his own funds a part of his proportion, and the money he borrowed on the credit of Sargent was intended to be applied to the same object. His failure to pay his proportion did not divest him of his title in the ship. Most clearly he had an interest in her, at least to the extent of what he had advanced, and this was an interest liable to be attached for his debts, and Sargent was but a creditor. The plaintiff in this suit, having made the first attachment, has a right to the proceeds of the sale of the vessel on execution, and the sheriff having neglected to satisfy his execution, his action is well maintained. The defendant therefore must be defaulted and judgment rendered for the amount of the plaintiff's execution, with costs.

In the case of *Thorndike* v. *De Wolf & Trs.* (*post*, 124,) Suffolk, March term 1828, the question of lien of part owners is more fully gone into, and other authorities cited.